## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

MASSMUTUAL ASCEND LIFE
INSURANCE COMPANY,

                    Plaintiff,

v.

SHEILA LINDSAY, et al.,

                    Defendants.

**Case No. 25-2237-DDC-BGS**

## <u>MEMORANDUM AND ORDER</u>

Plaintiff MassMutual Ascend Insurance Company has filed an Application for Clerk's Entry of Default (Doc. 23). Plaintiff asks the Clerk to enter default against two defendants in this interpleader action—Robert Huber and Drake Hake. Doc. 23 at 1–2. But plaintiff hasn't adduced any proof that these defendants ever were served.[1] That's a problem. As our court has explained, "a plaintiff must show sufficient service of process to a defendant as a prerequisite to entry of default." *United States v. Tarkowski*, No. 23-1210-EFM-TJJ, 2024 WL 1299388, at *1 (D. Kan. Mar. 27, 2024) (citing *Peterson v. Carbon County*, 156 F.3d 1244, 1998 WL 458555, at *4 (10th Cir. 1998)); *see also Keller v. Owens*, No. 07-1127-WEB, 2007 WL 2702947, at *1 (D. Kan. Sept. 14, 2007) ("When applying for an entry of default, the plaintiff bears the burden of showing that defendant has been properly served[.]").

---

[1]    Magistrate Judge Severson set a deadline of September 30, 2025, for plaintiff "to file the appropriate returns of service and seek a clerk's entry of default against Huber and Hake[.]" Doc. 21 at 1 n.1. Plaintiff hasn't filed returns of service for these defendants. And the court also notes that plaintiff failed to comply with Magistrate Judge Severson's deadline, filing its Application for Clerk's Entry of Default on October 3, 2025.

Plaintiff explains that it corresponded with an attorney who purportedly represents Mr. Huber and Mr. Hake.  Doc. 23 at 1.  But that attorney isn't admitted to practice in our court and hasn't entered an appearance on behalf of Mr. Huber or Mr. Hake.  And regardless, plaintiff has made no showing that correspondence with an attorney may constitute proper service under the Federal Rules of Civil Procedure.  In short, plaintiff has failed to show sufficient service of process on Mr. Huber and Mr. Hake.  The court thus denies plaintiff's Application for Clerk's Entry of Default (Doc. 23).  This denial, of course, is without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff MassMutual Ascend Life Insurance Company's Application for Clerk's Entry of Default (Doc. 23) is denied.

**IT IS SO ORDERED.**

**Dated this 9th day of October, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

2