IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MASSMUTUAL ASCEND LIFE INSURANCE COMPANY,**

          **Plaintiff**,

v.

**SHEILA LINDSAY, et al.,**

          **Defendants**.

Case No. 25-2237-DDC-BGS

**MEMORANDUM AND ORDER**

Defendants Sheila Lindsay, Dana L. Goodwin, and Ingrid S. Allen have filed a Motion for Disbursement of Funds (Doc. 24). Their motion asks the court to disburse the interpleaded funds in this case to their counsel. *Id.* at 1–2. But disbursement of the funds is the heart of the controversy in this interpleader action. So, these defendants essentially ask the court to enter judgment in their favor. Here's the problem: Two of the defendants in this action—Robert Huber and Drake Hake—haven't received proper service yet. *See Great Am. Ins. Co. v. Jackson*, No. 16–cv–02016–BR, 2017 WL 3671363, at *3 (D. Or. July 14, 2017) (explaining that court "cannot resolve this interpleader dispute" until all defendants "have been dismissed, served, appeared, or defaulted"); *see also* Doc. 25 at 1–2 (Memorandum and Order) (denying plaintiff's request for an entry of default against Mr. Huber and Mr. Hake because plaintiff hasn't adduced evidence of proper service). Unless and until these defendants "have been dismissed, served, appeared, or defaulted," the court won't enter judgment in this case. *Great Am. Ins.*, 2017 WL 3671363, at *3.

To be sure, counsel for Sheila Lindsay, Dana L. Goodwin, and Ingrid S. Allen filed a document titled "Disclaimer" on the docket.  Doc. 6.  This document purportedly shows Mr. Huber and Mr. Hake "disclaim[ing] any interest" in the interpleader funds in this case.  *Id.* at 1.  And the document ostensibly contains Mr. Huber's and Mr. Hake's signatures along with notary seals.  The issue?  Mr. Huber and Mr. Hake didn't file this document.  Counsel for the moving defendants did.  And counsel hasn't cited any authority that allows him to file on behalf of parties he doesn't represent.  Until Mr. Huber and Mr. Hake receive proper service and default, enter an appearance, or otherwise are dismissed from this case, the court won't enter a judgment adverse to their interests.  The court thus denies the moving defendants' Motion for Disbursement of Funds (Doc. 24).¹  This ruling is without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Shiela Lindsay, Dana L. Goodwin, and Ingrid S. Allen's Motion for Disbursement of Funds (Doc. 24) is denied.

**IT IS SO ORDERED.**

**Dated this 15th day of October, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

[1] A secondary issue prevents the court from granting the relief that these moving defendants seek: They haven't cited any rule—or other authority—authorizing it.  As discussed, these moving defendants essentially seek judgment.  Presumably, they seek summary judgment because they rely on facts outside the pleadings.  *See* Doc. 24 at 1 (arguing that defendants Mr. Huber and Mr. Hake "have disclaimed any interest in the Annuity").  But they haven't complied with D. Kan. Rule 56.1 or Fed. R. Civ. P. 56.  Should these defendants move for disbursement again, they should cite a rule or other authority allowing the court to grant the relief they seek.