## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MASSMUTUAL ASCEND LIFE
INSURANCE COMPANY,

                    **Plaintiff**,

v.                                                    **Case No. 25-2237-DDC-BGS**

SHEILA LINDSAY, et al.,

                    **Defendants**.

## <u>MEMORANDUM AND ORDER</u>

Though everyone agrees who should receive the funds currently sitting in the court's registry, this interpleader action has dragged on due to a series of service mishaps. Before the court is defendants Sheila Lindsay, Dana L. Goodwin, and Ingrid S. Allen's second Motion for Disbursement of Funds (Doc. 39), which asks the court to distribute the funds deposited in the court's registry to them. For reasons explained, below, the court grants defendants' motion.

Plaintiff MassMutual Ascend Life Insurance Company filed this interpleader action to determine how to apportion proceeds of a life insurance policy. *See generally* Doc. 1. The court previously denied plaintiff's Application for a Clerk's Entry of Default and the moving defendants' first Motion for Disbursement of Funds because plaintiff hadn't served two defendants—Robert Huber and Drake Hake—properly. Doc. 25 at 1–2; Doc. 27 at 1–2. Plaintiff then filed two documents docketed as "Notice of Waiver of the Service of Summons[.]" Doc. 37; Doc. 38. These documents—one for Mr. Huber and one for Mr. Hake—contain these defendants' signatures and comport with the requirements of Rule 4(d). Doc. 37 at 1–2; Doc. 38

at 1–2; Fed. R. Civ. P. 4(d).  The court thus is satisfied that Mr. Huber and Mr. Hake have waived service.

The court now turns to the moving defendants' Motion for Disbursement of Funds (Doc. 39).  Because this motion asks, in essence, the court to resolve this action in their favor, the court construes it as a Motion for Summary Judgment.[1]  The court may enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.

Here, the two nonmoving defendants—Mr. Huber and Mr. Hake—have waived their rights to the funds at issue in this case.  In their waivers of service, Mr. Huber and Mr. Hake "adopt[ed] all representations" made in previous filings bearing their signatures on this case's dockets.  Doc. 37 at 1 (first citing Doc. 6; and then citing Doc. 32); Doc. 38 at 1 (first citing Doc. 6; and then citing Doc. 33).  One of those earlier filings—which contains the notarized signatures of both Mr. Huber and Mr. Hake—confirms that these defendants "make no claim to any of the funds from the annuity."  Doc. 6 at 1.  The other two documents—one filed for each of these defendants—explain that Mr. Huber and Mr. Hake have discussed this case with an attorney of their choosing and waive any interest they have to the funds in the court's registry.  Doc. 32 at 1; Doc. 33 at 1.

---

[1]     When the moving defendants previously asked the court to disburse the funds in the court's registry, the court instructed them to "cite a rule or other authority allowing the court to grant the relief they seek" if they sought to move for disbursement of funds again.  Doc. 27 at 2 n.2.  As has become something of a theme, the moving defendants ignored this directive.  They again asked the court to disburse the funds in this case without citing any procedure or authority allowing them to do so.  *See generally* Doc. 39.  Nor did defendants comply with D. Kan. Rule 56.1 or Fed. R. Civ. P. 56 when they have asked, in effect, the court to enter judgment in their favor.  *See generally id.*  But because all parties agree how this action should end, the court liberally construes the moving defendants' motion as one for summary judgment aspiring to "secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

So, the court concludes, no genuine dispute exists that the moving defendants—Sheila Lindsay, Dana L. Goodwin, and Ingrid S. Allen—and those moving defendants alone have an interest in the funds in the court's registry. These moving defendants represent that the "deceased designated Sheila Lindsay to receive thirty-four percent (34%) of the proceeds, Dana L. Goodwin to receive thirty-three percent (33%) of the proceeds, and Ingrid S. Allen to receive the remaining thirty-three percent (33%) of the proceeds." Doc. 39 at 2. They thus ask the court to direct the Clerk of the Court to distribute the funds in the court's registry to their counsel in trust. *Id.* Plaintiff has filed a response, which confirms plaintiff's view that the court should grant the relief the moving defendants seek. Doc. 40.

Because no party disputes that the moving defendants are entitled to receive the funds in the court's registry, the court grants defendants Sheila Lindsay, Dana L. Goodwin, and Ingrid S. Allen's Motion for Disbursement of Funds (Doc. 39), which it construes as a Motion for Summary Judgment. The court directs the Clerk of the Court to disburse the $129,314.08 deposited in the court's registry for this case, along with any interest accrued on that deposit, payable to Sheila Lindsay, Dana Goodwin, and Ingrid S. Allen and their counsel, Morgenson & Branson, LLC, in trust.[2] The court also directs the Clerk to enter Judgment consistent with this Order and close this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Sheila Lindsay, Dana L. Goodwin, and Ingrid S. Allen's Motion for Disbursement of Funds (Doc. 39), construed as a Motion for Summary Judgment, is granted.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court disburse the $129,314.08 deposited in the court's registry for this case, along with any interest accrued on that deposit,

---

[2]    "The general practice is that any interest accruing on an interpleader fund deposited in the court is distributed to the claimants." 7 *Wright & Miller's Federal Practice & Procedure* § 1716 (3d ed. 2025).

payable to Sheila Lindsay, Dana Goodwin, and Ingrid S. Allen and their counsel, Morgenson &

Branson, LLC, in trust.

**IT IS SO ORDERED.**

**Dated this 10th day of December, 2025, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**